## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WEATHERLY.    (No. 3274.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 5, 1926. Rehearing Denied Nov. 18, 1926.)

**1. New trial ⬤⟞60—That answers on special issues were in apparent conflict was not ground for new trial, where it was plain that jury misinterpreted legal term.**

Where jury found on one issue that defendant was guilty of negligence, and on another issue that his negligence was not a proximate cause of injury, but found that plaintiff was guilty of contributory negligence, which diminished damages by one-half, fact that answers were in apparent conflict was not ground for a new trial, since it was plain that jury merely misunderstood term "proximate cause."

**2. New trial ⬤⟞70—That jury's answer relating to proximate cause was not supported by testimony held ground for setting aside verdict and granting new trial.**

Where trial court found that jury's answers to question relating to proximate cause was not supported by the evidence produced, he was authorized to set aside verdict and grant new trial.

**3. New trial ⬤⟞72—Trial court is authorized to grant new trial, if verdict is contrary to evidence or weight of evidence.**

If, after consideration of all evidence, trial court is of opinion that verdict of jury is contrary to evidence, or weight of evidence, or not sustained by sufficient evidence, he is authorized to set aside verdict and grant new trial.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by S. J. Weatherly against the St. Louis Southwestern Railway Company of Texas. Judgment for defendant, and from an order granting a motion for a new trial, defendant appeals. Affirmed.

Bryan Marsh and Marsh & McIlwaine, all of Tyler, for appellant.

Edwards & Hughes, of Tyler, for appellee.

PER CURIAM. 1. The appeal is from an order granting a motion for a new trial. The plaintiff sued for personal injury alleged to have been caused by the negligence of the defendant. The case was submitted to the jury on special issues. The jury answered that (1) the defendant was guilty of negligence in each of the four distinctive grounds inquired about, but (2) neither one of the four grounds of negligence was "a proximate cause of Weatherly's injury," and (3) the plaintiff was guilty of contributory negligence diminishing the amount of damages by one-half. In keeping with the verdict, the court entered a judgment in favor of the defendant. The plaintiff filed a motion for a new trial in due time, and the court granted it for the reasons therein recited, to wit:

"First. Because the answers of the jury to questions numbers 3, 7, 10, and 14, as contained in the verdict, are in conflict with their answers to question No. 15 in the verdict.

"Second. Assuming the facts to be as found by the jury in its answers to questions 1, 2, 4, 5, 6, 8, 9, 11, 12, 13 (referring to negligence), the answers of the jury to questions 3, 7, 10, and 14 (referring to proximate cause) are not supported by the testimony.

"Third. Because from the evidence introduced on the motion for a new trial it clearly appears that the verdict of the jury as contained in its answers and questions 3, 7, 10, and 14 does not express the actual findings of the jury on said issues."

[1-3] 2. It is concluded that the first and third grounds stated above were not sufficient legal reasons to grant the new trial, for it is plain from the evidence that the answers of the jury to questions 3, 7, 10, and

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14 were not pure errors in writing, but resulted from a misinterpretation of the term "proximate cause." The second ground or reason was clearly within the authority of the court. The court reasonably meant to say and to hold that the answers of the jury relating to "proximate cause" were "not supported by the testimony" produced on the trial. It is generally held that, if after a consideration of all the evidence the trial court is of the opinion that the verdict of the jury is contrary to the evidence, or the weight of the evidence, or not sustained by sufficient evidence, he is authorized to set aside the verdict and grant a new trial. Therefore the order of the court is affirmed.